State, Van Tassel et al., pros., v. Mayor, &c., of Jersey City.

THE STATE, JOHN M. VAN TASSEL AND OTHERS, PROSECUTORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY.

1. A provision in Jersey City charter of 1871, § 48, that each lot shall be assessed for the labor and materials necessary to grade the street in front of it, and for its share of the intersections, and to be credited for the materials taken in front of it, and proportionally from any neighboring intersection, is in total disregard of the well established doctrine that the assessment shall not exceed the benefits, and an assessment made thereunder must be set aside.

2. A supplement (*Laws*, 1873, *p.* 405, § 21,) providing that, in making any assessment for improvements under § 48 of the original act, the expense of excavating rock and all other excavation, shall be assessed upon "all the property benefited by such excavation, and to be assessed for said improvement," also fails to recognize the principle of benefits entirely, for it still limits the property to be assessed, to that which was to be assessed by the charter. It was not intended by that clause to enlarge the limits of the property to be assessed, but only within the same limits to have the expense assessed according to benefits, and thus making all the property on the frontage liable to pay the *whole cost* of the excavation. An assessment under that provision is illegal.

3. There is no valid objection against assessing the cost of flagging sidewalks on the principle of frontage, but, under such a power, the estimate must not include any part of the expense of the substantial grading (excavation and filling) of that part of the street occupied by the sidewalks. Incidental grading, for the mere purpose of flagging, may be included, but not the substantial grading of any part of the street, although included in the sidewalks.

On *certiorari*.

Argued at June Term, 1874, before Justices BEDLE, DALRIMPLE and DEPUE.

State, Van Tassel et al., pros., v. Mayor, &c., of Jersey City.

For the prosecutors, *J. B. Vredenburgh.*

For the defendants, *W. A. Lewis.*

The opinion of the court was delivered by

BEDLE, J. The application for this improvement is of a double character. That is allowed under section 50 of the charter of Jersey City, (*Laws,* 1871, *p.* 1120,) provided the assessment for the several kinds of improvement asked for is, by that act, to be made upon the same property. This application, and the resolution of the board of public works are for the grading of Lexington avenue to the established grade between North and South streets, (being two blocks,) and also for flagging the sidewalks. Under that charter, the assessment for flagging is to be made upon the land fronting on the improvement, in proportion to the frontage, and where intersections of streets are so improved, the expense of such intersections shall be assessed equally, at so much per lineal foot of frontage on all land extending from such intersections, one-half the distance, to the nearest street in every direction, (section 47.) Under the same charter, (section 48,) as to the expense of grading, each lot or parcel of land was to be assessed for the labor and materials necessary to grade the street in front of it, and for its share of the intersections, as in paving a street; the assessment for which, by this charter, is the same as flagging, and to be credited, if any credit ought to be allowed for the materials taken from the street in front of it, and proportionally from any neighboring intersection. The result of that provision was, to make every lot pay for the expense of grading in front of it, whatever may be the depth or kind of excavation, or the height of the filling; that principle is in total disregard of the well established doctrine in this state, that the assessment shall not exceed the benefits. But, in 1873, a supplement was passed, (*Laws,* 1873, *p.* 405, § 21,) providing that, in making any assessment for improvements under section 48 of the original act, the expense of excavating rock, and all other excavation, shall be assessed

upon " *all the property benefited by such excavation, and to be assessed for said improvement.*"

The work was completed under the charter of 1871, but the final assessment was made after the passage of the supplement of 1873. The total amount of the assessment is $10,909.30. The commissioners of assessment made two reports, accompanying their map—one in regard to the flagging, the expense of which is estimated at $5160.30 ; the other, in regard to the grading, the expense of that being estimated at $5748.90. The report on the flagging shows that that part of the assessment was made on the principle of frontage, as provided in the act of 1871, section 47. There can be no valid objection to that principle, in the case of sidewalks, as the Court of Errors so decided at the last term, in the case of The City of Newark *v.* The State, Agens, prosecutor. But the estimate for flagging is evidently too large. . The total excavation and grading of the sidewalks must have been included in it. That, however, will be again referred to.

The report on grading shows that that part of the assessment was made in the following manner : 1st. The expense of excavating rock, and all other excavation, was assessed upon *all the property benefited by such excavation, and to be assessed for said improvement,* following the language of section 21 of the supplement of 1873, and under which it was made. 2d. The filling, and the rest of the expense of grading, were assessed upon each lot in front of it, in the mode provided in section 48 of the act of 1871, the intersections being also assessed for, under that same section, so far as I am able to understand the report.

The question now arises whether the assessment for grading is valid. So much of it as compels each lot to bear the expense incurred in front of it, whatever that may be, cannot be sustained, as such a principle must often work great injustice, making the lowest lot, where the most filling is required, bear the heaviest expense, as is the case with some of the lots in this assessment, and besides it limits the land, otherwise than by political divisions, upon which the whole cost of the work

must be imposed, without reference to the benefits, which is contrary to the Agens case. That, then, narrows the inquiry on the question of grading to the assessment for rock and other excavation. It was no doubt found that by assessing every lot for the work done in front of it, under the act of 1871, there was great inequality, for in some places on the same street, the rock cutting or other excavation would be deep and expensive, while in other places, within a short distance, there would be much less or not any. That fact made the mode provided in the act a very unfair test of benefits, and hence the supplement of 1873, (§ 21,) was passed providing that the cost of excavations should be paid for on a different principle, but section 21 fails to recognize the principle of benefits entirely, for instead of authorizing the commissioners generally to assess in proportion to benefits, it still limits the property to be assessed, only changing the original act in this, that instead of requiring each lot to bear the expense of excavation in front, it provides that the whole expense shall be assessed on the property benefited, but only such property as by the charter was to be assessed for the improvement. The language is : " That in making any assessment for improvements under section 48 of the act to which this is a supplement, the expense of excavating rock and all other excavations, shall be assessed upon all the property benefited by such excavation, and *to be assessed for said improvement.*" It was not intended by that section to enlarge the limits of property to be assessed, but only within the same limits to have the expense assessed according to benefits, and thus making all the property on the frontage liable to pay the whole cost of the excavation, however expensive it might be, and whether the property was benefited to that extent or not. Since the case of Agens, proceedings under legislation of that kind cannot be sustained.

That part of the assessment for grading, amounting to $5748.90, must be set aside as against the prosecutors, and the other part reported for flagging, must be reduced, for it is apparent from the statement of cost on the map, that the mere

flagging could not have reached $5160.30, including the incidental expense necessarily appertaining to it. It seems that at least the cost of excavating and filling the whole sidewalk was included. Under this charter, the flagging is to be paid for in one way, and the grading in another. Incidental grading is no doubt necessary in flagging, and that by a fair estimate, could properly be included in the expense; so also in paving a street the incidental grading could be included, as in the case of *The State* v. *Council of Elizabeth,* 1 *Vroom* 365, but the substantial grading of that part of the street which is to be occupied by the sidewalk, is different and should not have been included. That, no doubt, was a very material item in this case, as much of the excavation was deep and of rock. This part of the assessment, then, should contain nothing but the expense of the flagging with the incidental grading, as distinguished from the substantial grading, and also such part of the cost of the proceedings, (including surveying, calculations, maps, printing, commissioners and other necessary fees and expenses, with proper interest,) as appertains to the work of flagging the sidewalks and intersections, and as would be a proper proportion for it to bear. Any excess above that could not be assessed as flagging, and to that extent, the flagging assessment, as against the prosecutors, should be reduced. If it become necessary, a reference may be made to a commissioner by virtue of the "act relative to the writ of certiorari," (*Laws,* 1871, *p.* 124,) to ascertain the proper reduction and the several amounts to which the prosecutor's assessments should be reduced.

Whether effect can be given to the power conferred by section 66 of the charter, so as to make a new assessment for the grading, by providing in the rule appointing commissioners, that they should make it according to actual benefits, without limiting the property to be assessed, is left for argument and consideration, should an application for that purpose be made.

The prosecutors are entitled to no relief, on the point of change of grade, as it affected both blocks, and from the evidence, they must be held to have acquiesced in it, although

mistaken as to the law that would govern the assessment, yet the work having been completed before the writ was applied for, they should not now be allowed relief on that ground.

A like result must follow in the other cases involving the same questions as in this.